UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Latasha Loper,** ) | **CASE NO. 1:22 CV 1262** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Cleveland Metropolitan School** ) | |
| **District,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

*Pro se* Plaintiff Latasha Loper filed this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, Section 504 of the Rehabilitation Act ("RA"), 42 U.S.C. § 12203, the Americans with Disabilities Act ("ADA"), 42 U.S.C. 2000d and criminal statutes 18 U.S.C. §§ 241, 249.  She brings these claims against the Cleveland Metropolitan School District ("CMSD"), CMSD Chief Executive Officer Eric Gordan, CMSD Executive Director of Nontraditional School Gerald Leslie, CMSD Principal Joseph Ciesielski, CMSD Special Education Department Director Jessica Baldwin, CMSD Compliance Director Coralise Terwilliger, and CMSD Teacher Emily Alberty.  In the Complaint, Plaintiff alleges that CMSD denied her daughter an Individualized Education Program ("IEP") and failed to provide her a free and appropriate public education.  She seeks monetary damages and injunctive relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

**BACKGROUND**

Plaintiff alleges her daughter P.B. was enrolled in second grade in the remote learning school in the CMSD for the 2021-2022 school year. Her teacher was Emily Alberty. Plaintiff indicates that P.B. was enrolled in this program beginning in the second quarter of the school year. She does not indicate where P.B. was enrolled for the first quarter of the school year.

Plaintiff contends she met with the school student support team for an informal meeting in October 2021. At that meeting, the team decided that any required reading intervention support would be provided to P.B. by her classroom teacher. Plaintiff claims Alberty did not properly support P.B. with tools like AIMEWEB testing, or provide general classroom help. She alleges that the reading intervention teacher, Ms. Bigby, was regularly absent for a period of three months, resulting in inconsistency in the building of reading foundation skills.

Plaintiff alleges that an initial IEP meeting was scheduled for December 8, 2021. Plaintiff contends she cancelled the meeting but school officials held it without her on the scheduled date and time. At that meeting, school officials determined that P.B. did not have a learning disability and did not qualify for an IEP. Plaintiff claims that they based this decision on P.B.'s classroom work and grades. Plaintiff states that the school had listed first quarter grades for P.B. when P.B. did not enroll in the remote learning school until the second quarter.

Plaintiff states that throughout the school year, she continued to raise concerns to Gerald Leslie, the Director of Nontraditional School. She contends he referred her to Jessica Baldwin, the Director of Special Education. Plaintiff alleges P.B.'s work regularly contained grammatical

errors, omitted words, poor sentence structure, and limited basic vocabulary. She believes P.B. has a speech-language impairment. She claims Alberty appeared unconcerned when Plaintiff presented samples of P.B.'s work and did not offer P.B. additional programs or activities to help her improve.

Plaintiff also alleges that Alberty did not ensure that the children in her virtual classroom were engaged at all times. She states that the teacher did not require her students to turn on the video camera of the computer to ensure that they were sitting at the computer paying attention to the lesson. She indicates that Alberty did not require the students to use pencil and paper for assignments. She contends the children were not given time for Zoom breakout sessions or a means to interact with one another. Plaintiff claims P.B. was not challenged which led to halted academic progress, decline in reasoning and problem solving skills, decline in critical thinking abilities, and loss of interest in school. Plaintiff states that the speech-language psychologist assigned to the kindergarten through second grade remote school students did not consult with her or obtain permission to observe P.B. Instead, another school speech-language psychologist evaluated P.B.

Another IEP meeting was held on May 24, 2022. The speech-language psychologist who evaluated P.B., the Director of Special Education, CMSD Compliance Director, the classroom teacher, and members of the December 2021 IEP Team were present, as well as the Plaintiff. Plaintiff does not clearly specify what happened at the meeting. She challenges the criteria and testing used by CMSD to arrive at their determination. She simply states that during the 2021-2022 school year, no services were in place for P.B.

Plaintiff claims the Defendants denied P.B. a free and appropriate public education. She asserts she was denied due process when they conducted the December IEP meeting in her absence. She claims the Defendants discriminated against P.B. and retaliated against her by failing to accommodate her disability. She asks that the Court order CMSD to revisit the data used to make the determination on the IEP and correct information that may be misleading, such as P.B.'s grades, attendance, and classroom work. She also asks that CMSD be ordered to correct the outcome of the meeting determining P.B.'s eligibility for an IEP. She seeks $4,000,000.00 in damages for mental anguish.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### **DISCUSSION**

Plaintiff asserts claims under the IDEA, the ADA and § 504 of the Rehabilitation Act, and 18 U.S.C. § § 241, 249. As an initial matter, 18 U.S.C. §§ 241and 249 are criminal statutes. They do not offer a private right of action. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994). Those claims are dismissed. Plaintiff's claims under the IDEA and the RA must also be dismissed. Exhaustion of administrative remedies is a prerequisite for seeking relief under either of these statutes when the claims arise from an alleged denial of a free appropriate public education. *Perez v. Sturgis Pub. Sch*., 3 F.4th 236, 239 40 (6th Cir. 2021).

Under the Individuals with Disabilities Education Act ("IDEA"), children with disabilities have a right to a "free appropriate public education." 20 U.S.C. § 1412(a)(1). This requires public schools to provide educational services to disabled children and to tailor those services to their individual needs. *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, U.S. , 137 S. Ct. 988, 993, 999, 197 L.Ed.2d 335 (2017). When parents believe the

school has not adequately addressed their disabled child's educational needs, they can seek redress through the IDEA. The IDEA encourages informal conflict resolution as a first step but provides for increasingly formal proceedings if a disagreement continues to persist.

Initially, the parents must file a complaint with the school and meet with school officials. If the parents and the school cannot agree, either party can request mediation. If mediation does not resolve the disagreement, the parents are entitled to a full hearing before an impartial "hearing officer." 20 U.S.C. § 1415(b) (f). The hearing officer's job is to decide whether the student is receiving a "free appropriate public education." 20 U.S.C. § 1415(f)(3)(E). If either party is dissatisfied with the results of the hearing, he may appeal at the state agency level. 20 U.S.C. § 1415(f)(1)(A), (g). Once the final appeal to the state agency has occurred, the administrative process is over. At that point, aggrieved parents may file a lawsuit in federal or state court. 20 U.S.C. § 1415(i)(2)(A).

Federal law requires parents to complete the IDEA's administrative process before bringing any suit that concerns the denial of a free appropriate public education. 20 U.S.C. § 1415(l); *Perez*, 3 F.4th at 239-40. When determining whether the IDEA exhaustion requirement applies, the Court must look beyond the surface of the pleadings and ask if the crux of the Complaint is the denial of a free appropriate public education. *Fry v. Napoleon Cmty. Schs.*, U.S. , 137 S. Ct. 743, 755-57, 197 L.Ed.2d 46 (2017). If so, the exhaustion requirement applies regardless of whether the Plaintiff asserts the claim under the IDEA or some other federal statute.

Here, the Plaintiff has not exhausted her claims under the IDEA, the ADA or § 504 of the RA. The crux of her Complaint is that her daughter P.B. did not receive a free and

appropriate education. She indicates that she withdrew from the IDEA appeals process at either the complaint or due process hearing stage in February 2022 because she believed that the school was taking steps to address her concerns. She does not indicate that she took any steps to complete the exhaustion process after the IEP meeting in May 2022. Her claims are unexhausted and cannot proceed at this time.

### CONCLUSION

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 10/11/22